UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 12-61024-CIV-COHN/SELTZER

UNITED STATES OF AMERICA,

    Plaintiff,

v.

LINDA WILLIAMS a/k/a
LINDA D STAFFORD,

    Defendant.
_____/

## ORDER GRANTING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

**THIS CAUSE** is before the Court upon Plaintiff United States of America's Motion for Summary Judgment [DE 8] ("Motion"). The Court has considered the Motion, Defendant's Response to the Court's Order to Show Cause [DE 11], Plaintiff's Reply [DE 12], the record, and is otherwise fully advised in the premises.

### I. BACKGROUND

On April 21, 1987, Defendant executed a promissory note to secure a federally guaranteed loan from Centrust Savings Bank in the amount of $2,625.00 at 8% interest per annum. See Promissory Note [DE 8-2]; Certificate of Indebtedness [DE 8-3]. The loan was guaranteed by the Florida Department of Education, Office of Student Financial Assistance, and then reinsured by the U.S. Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071-1087. See Certificate of Indebtedness. The holder, Centrust Savings Bank, demanded payment according to the terms of the promissory note, but Defendant defaulted on the obligation on January 10, 1988, and

Centrust Savings Bank filed a claim on the loan guarantee.  See id.  Due to the default, the guaranty agency, The Florida Department of Education, Office of Student Financial Assistance, paid a claim in the amount of $1,549.56 to Centrust Savings Bank, and was reimbursed by the U.S. Department of Education under its reinsurance agreement.  See id.  Pursuant to 34 C.F.R. § 682.410(b)(4), once the guarantor pays on a default claim, the entire amount becomes due to the guarantor as principal.  Therefore, the guarantor attempted to collect the debt from Defendant, but was unable to collect the full amount due.  See Certificate of Indebtedness.

On November 30, 1998, the guarantor assigned its right and title to the loan to the U.S. Department of Education.  See id.  Since then, the U.S. Department of Education has not received any payments to the balance.  See id.  When the U.S. Department of Education was unable to collect the balance, the account was referred for legal action to collect the debt.  Thereafter, Plaintiff's counsel demanded payment from Defendant, and Defendant disputed the debt.  Plaintiff's counsel mailed verification of debt to Defendant, and Defendant again disputed the debt.  Plaintiff's counsel then sent a loan discharge application to Defendant, but Defendant failed to complete the application or otherwise respond.  Finally, on May 29, 2012, counsel filed this action to collect the debt.  See Complaint [DE 1].

On or about July 2, 2012, Defendant sent Plaintiff her Answer [DE 7 at 4].  In the Answer, Defendant again disputed her debt, claiming that she had no knowledge of executing a promissory note to secure a loan from Centrust Savings Bank, and alleging that she did not attend the school that is listed in the promissory note.  Id.  Upon receipt of the Answer, Plaintiff's counsel sent another loan discharge application to Defendant.

Defendant returned the application to Plaintiff's counsel, who forwarded it to the U.S. Department of Education.  See Pl.'s Mot. for Summ. J. [DE 8-1 at 3-4].  The U.S. Department of Education denied the Defendant's application because she had failed to provide sufficient documentation, including specimens of her signature made contemporaneously with execution of the promissory note.  See Ex. "D" [DE 8-5 at 2].

On July 24, 2011, Plaintiff filed its Motion for Summary Judgment.  Plaintiff seeks a final judgment including $1,570.56 in unpaid principal, $2,783.67 in unpaid interest, interest at the rate of 8% per annum on the unpaid principal to the date of the judgment, $35.00 for service of process, and reasonable attorney's fees.  Plaintiff maintains that she never received the loan.  See [DE 11 at 4].  For the reasons discussed below, the Court will grant Plaintiff's Motion for Summary Judgment and enter the requested judgment.

## II. DISCUSSION

Under Federal Rule of Civil Procedure 56(a), the Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  The movant "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact."  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  To discharge this burden, the movant must show that "there is an absence of evidence to support the non-moving party's case."  Id. at 325.

After the movant has met its burden, the burden of production shifts to the non-moving party, who "must do more than simply show that there is some metaphysical

doubt as to the material facts." Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact [the Court may] grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(3).

At the summary judgment stage, the Court's function is not to "weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986). In making this determination, the Court must decide which issues are material, and "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted." Id. at 248.

Here, Plaintiff has submitted a Motion, Memorandum, and supporting exhibits showing that there are no disputed issues of material fact, and that Plaintiff is entitled to judgment as a matter of law. Defendant's allegation that the signature on the promissory note is not hers does not create an issue of material fact. That allegation was reviewed by the Department of Education, which rejected it because Defendant failed to submit sufficient documentation to support her claim. In Defendant's Response to the Court's Order to Show Cause why Plaintiff's motion should not be granted, she again asserted that she never received the loan or attended the educational institution listed on the promissory note. She failed to offer any proof or documentation to verify those allegations.

In order to avoid summary judgment, the non-movant cannot merely contend that

the movant's claims are incorrect.  She must also lend support to her assertions of fact so that the Court is presented with a triable issue.  See Fed. R. Civ. P. 56(e)(3). Defendant has not taken advantage of her ample opportunities before both the Department of Education and this Court to provide evidence that would substantiate her claim that the signature on the promissory note is not hers.  Accordingly, the Court will enter summary judgment in Plaintiff's favor.

### III. CONCLUSION

For the foregoing reasons, it is hereby

**ORDERED AND ADJUDGED** that Plaintiff United States of America's Motion for Summary Judgment [DE 8] is **GRANTED**.  Consistent with this ruling, the Court will enter a separate final judgment.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, on this 6th day of September, 2012.

Copies provided to:

Counsel of record via CM/ECF
*Pro se* party via regular CM/ECF mail

JAMES I. COHN
United States District Judge